# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00605-CV

---

### J. M., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. 19-1123, GLENN H. DEVLIN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

J.M. (Father) appeals from the trial court's final order terminating his parental rights to his four children. *See* Tex. Fam. Code § 161.001(b)(1)(O), (2). In one issue, Father contends that the trial court erred in striking his request for a trial de novo. For the following reasons, we will affirm the trial court's order of termination.

## BACKGROUND

The Texas Department of Family and Protective Services filed an original petition seeking termination of the parental rights of Father to his four children.[1] A bench trial occurred on August 2, 2021, over which the Honorable Glenn H. Devlin presided. Judge Devlin is a Senior Judge of the 313th Judicial District Court who was assigned as a visiting judge to the 22nd Judicial Court of Hays County by the Honorable Billy Ray Stubblefield, Presiding Judge of

---

[1] The Department filed its petition as to the parental rights of the children's mother also, and the trial court terminated her parental rights, but she is not a party to this appeal.

the Third Administrative Judicial Region, in a July 2021 general order.[2]  *See* Tex. Gov't Code §§ 74.052(a) (permitting judges to be assigned "to dispose of accumulated business"), .056(a) (authorizing presiding judge of administrative region to assign judges in region "to try cases and dispose of accumulated business"), .059(a) (providing that assigned judge "has all the powers of the judge of the court to which he is assigned").  At the end of trial, Judge Devlin pronounced judgment terminating Father's parental rights.

On August 4, Father filed a "Request for Trial De Novo Before the Referring Court."  On August 6, Judge Devlin signed the order on appeal terminating Father's parental rights.  That same day, the Department filed a motion to strike Father's de novo request arguing that Father was not entitled to a de novo hearing because an associate judge did not conduct the

---

[2] The assignment was pursuant to a general order signed by Judge Stubblefield, filed with the clerk of the Hays County District Court on July 12, 2021, which provides the following:

> Pursuant to Section 74.056, Texas Government Code, the undersigned Presiding Judge [Stubblefield] assigns the Honorable Glenn H. Devlin, Senior Judge 313st [sic] Judicial District Court, to the 22nd Judicial District Court (for the Child Protection Court) of Hays County, Texas.
>
> This assignment is for a period of five days beginning the 2nd day of August, 2021.  If the judge begins a trial on the merits during the period of assignment, the assignment continues in such case until plenary jurisdiction has expired or the undersigned Presiding Judge has terminated this assignment in writing, whichever occurs first.
>
> IT IS ORDERED that the Clerk of the Court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned Judge.
>
> IT IS FURTHER ORDERED that the Clerk, upon receipt hereof, shall post a copy of this order in a public area of the Clerk's office or courthouse so that attorneys and parties may be advised of this assignment.

trial. After a hearing on the Department's motion, the trial court granted the motion and struck Father's de novo request. Father perfected this appeal.

## DISCUSSION

In one issue, Father contends that the trial court erred in striking his request for a de novo hearing. He argues that in a prior general order, effective October 1, 2015 and filed with the clerk of the Hays County District Court on September 18, 2015, Judge Stubblefield referred "all child protection cases" to an associate judge, the Honorable Melissa McClenahan.[3] Father argues that due to this general order; notices that this cause would proceed "in the Child Protection Court of Hays County"; and the facts that Judge McClenahan signed several interlocutory orders as "Associate Judge," no party filed an objection to an associate judge presiding over the trial, and "no announcement was made at the beginning of or during trial about which court was hearing the case," all combined to give him a "reasonable belief" that an associate judge was presiding over the trial. Thus, Father concludes, he is entitled to a de novo

---

[3] This 2015 general order reads,

Having determined that certain courts of the Third Administrative Judicial Region of Texas require the appointment of an associate judge for child protection cases, and having appointed associate judges to serve in the Third Administrative Judicial Region of Texas pursuant to Section 201.201, Texas Family Code,

IT IS THEREFORE ORDERED that all child protection cases in Comal and Hays counties be and are hereby referred to Melissa McClenahan the Associate Judge for child protection cases appointed to serve the Third Administrative Judicial Region.

The clerk of the court of each county within the Third Administrative Judicial Region of Texas whose child protection cases have been referred to the associate judges for child protection cases of the Third Administrative Judicial Region of Texas shall record a copy of this order in the minutes of said court.

3

hearing. *See* Tex. Fam. Code § 201.015(a) ("A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of . . . the substance of the associate judge's report as provided by Section 201.011 . . . .").

Although Judge McClenahan signed several interlocutory orders in this case, it is uncontested that Judge Devlin conducted the bench trial and rendered the final order of termination.[4] Father identifies nothing in the record appointing Judge Devlin as an associate judge or a visiting associate judge. *Cf. id.* § 201.018 (providing that presiding judge may appoint visiting associate judge to perform duties of appointed associate judge during that judge's period of disability or absence and providing eligibility requirements for visiting associate judge). To the contrary, the 2021 general order identifies Judge Devlin as a senior judge sitting by assignment. *See* Tex. Gov't Code §§ 74.054(a)(2), .056(a). Moreover, except for certain exceptions not applicable here, associate judges may not render final orders, *see* Tex. Fam. Code § 201.007, and it is apparent on the face of the termination decree signed by Judge Devlin that it is a final order rather than an "associate judge's report," *see id.* § 201.011. Father directs us to no order appointing Judge Devlin in any capacity other than as a senior judge appointed by the presiding judge for the Child Protection Court of Hays County. Because Judge Devlin presided over the bench trial and rendered a final order during his period of assignment and plenary power, and because Judge Devlin was not an associate judge, Father is not entitled to a de novo hearing. Accordingly, we overrule Father's sole appellate issue.

---

[4] Unlike the interlocutory orders signed by Judge McClenahan, which contain notices about each party's right to request a de novo hearing of the "Associate Judge's Report" and identify Judge McClenahan as "Associate Judge," the termination order signed by Judge Devlin contains a notice that it is a "final order" and provides for appeal thereof pursuant to Texas Family Code Section 263.405. *See* Tex. Fam. Code § 263.405 ("Appeal of a Final Order").

4

## CONCLUSION

We affirm the trial court's order of termination.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   March 29, 2022